UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA SUAREZ, Individually,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SHANNON KEENE, Registered Nurse; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.: 3:20-cv-00456-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

  The matter pending before the Court is the Motion for Leave to Amend the Complaint filed by Plaintiff Tanya Suarez. (ECF No. 10).

## PROCEDURAL BACKGROUND

  On March 10, 2020, Plaintiff Tanya Suarez initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants County of San Diego ("County"), Shannon Keene, and DOE deputies. (ECF No. 1). Plaintiff alleged that she "is now permanently blind" as a result of "Defendants' callous and indifferent behavior . . . ." *Id*. at 4. Plaintiff brought the following four causes of action: (1) violation of the 14th Amendment against Defendants Keene and DOE deputies; (2) violation of the 14th Amendment against Defendant County; (3) negligence against all Defendants; and (4)

intentional infliction of emotional distress ("IIED") against all Defendants.  *See id*. at 7-19.  Plaintiff sought compensatory, general, special, punitive and exemplary damages; costs and attorney's fees; and "any further relief that the Court may deem appropriate." *Id.* at 20.

On April 27, 2020, Defendants Keene and County filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Motion to Strike the exhibits attached to Plaintiff's Complaint as immaterial and impertinent pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 4).  On June 25, 2020, the Court issued an Order granting the Motion to Dismiss filed by Defendants Keene and County and denying as moot the Motion to Strike filed by Defendants Keene and County.  (ECF No. 9).  The Court stated that "[a]ny motion for leave to file an amended pleading must be filed within 30 days of this Order." *Id.* at 14.

On July 24, 2020, Plaintiff filed a Motion for Leave to Amend the Complaint.  (ECF No. 10).  On August 17, 2020, Defendants Keene and County filed a Response in opposition.  (ECF No. 11).  On August 24, 2020, Plaintiff filed a Reply.  (ECF No. 12).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  The Supreme Court has identified several factors courts should consider when deciding whether to grant leave to amend "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Not all of the [*Foman*] factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*

*Capital,* 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## RULING OF THE COURT

Plaintiff seeks to "clarify[y] the proper obligations and responsibilities of Defendant[s] Keene and DOE Deputies" and "does not seek to add new parties or new claims." (ECF No. 10-1 at 2). Defendants Keene and County contend that Plaintiff's "leave to amend should be denied as futile" "[b]ecause Plaintiff's proposed amended pleading would also be subject to dismissal . . . ." (ECF No. 11 at 2). Defendants Keene and County contend that Plaintiff's proposed amendments fail to state:

1) A cognizable Fourteenth Amendment claim against the only individual defendant because they do not allege facts sufficient to show her deliberate indifference;

2) A municipal liability claim against the County of San Diego premised on any unlawful policy or well-settled custom; nor

3) Viable causes of action under state law due to Plaintiff's non-compliance with California's pre-litigation tort claim requirements.

*Id*.

The Court will defer consideration of any challenge to the merits of the proposed amended complaint until after the amended pleading is filed. *See e.g., Human Longevity, Inc. v. J. Craig Venter Inst., Inc.,* No. 18cv1656-WQH-LL, 2019 WL 460389, at *1 (S.D. Cal. Feb. 6, 2019) (same); *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106-07 (S.D. Cal. 2018) ("Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed.").

1   The Court finds that Defendants Keene and County have failed to make a "strong
2   showing of any of the [ ] *Foman* factors" to warrant deviation from the "*presumption* under
3   Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. The
4   Motion for Leave to Amend the Complaint filed by Plaintiff Tanya Suarez (ECF No. 10)
5   is GRANTED. Plaintiff Tanya Suarez may file an Amended Complaint within thirty (30)
6   days of the entry of this Order.

Dated: August 31, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court