MATTHEW O'SULLIVAN, Senior Deputy (SBN 305980)
FERNANDO KISH, Senior Deputy (SBN 236961)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4850  Fax: (619) 531-6005
E-mail: matthew.o'sullivan@sdcounty.ca.gov
E-mail: fernando.kish@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and Shannon Keene

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tanya Suarez, individually,<br><br>                  Plaintiff,<br><br>      v.<br><br>COUNTY OF SAN DIEGO; Shannon Keene, Registered Nurse; and DOES 1 – 10 Inclusive,<br><br>                  Defendants. | No. 20-cv-00456-WQH-DEB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Courtroom: 14B<br>Judge: Hon. William Q. Hayes |

Defendants County of San Diego and Shannon Keene ("Defendants") answer Plaintiff's First Amended Complaint (ECF No. 14) by admitting, denying, and alleging as follows:

## Statement of Facts

1. In response to paragraphs 1 through 4, Defendants admit that Ms. Suarez used methamphetamines. With regard to the remaining allegations contained in paragraphs 1 through 4, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every remaining allegation contained therein.

2. In response to paragraph 5, Defendants admit that Ms. Suarez was using methamphetamines on May 6, 2019, prior to her arrest and that she was arrested in the

1

parking lot of a gas station. Further, Defendants admit that a San Diego Police Department agent arrested Ms. Suarez for being under the influence of a controlled substance and that Ms. Suarez was transported to Las Colinas Jail. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

3. In response to paragraph 6, Defendants admit that Ms. Suarez informed jail staff that she was under the influence of methamphetamines and that she had a prior hospitalization due to suicidal thoughts. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

4. In response to paragraph 7, Defendants admit that Ms. Suarez at one point indicated that she believed that she would be tortured by correctional deputies. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

5. In response to paragraph 8, Defendants admit that Ms. Suarez scratched at her eyes while being fingerprinted. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

6. In response to paragraph 9, Defendants admit that officers intervened and restrained Ms. Suarez to keep her from harming her eyes and that Ms. Suarez was placed on a gurney face down. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

7. In response to paragraph 10, Defendants admit that custodial officers trimmed Ms. Suarez's acrylic nails. Except as admitted, denied.

8. In response to paragraph 11, Defendants admit that Nurse Keene participated in Ms. Suarez's medical evaluation. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

9. In response to paragraph 12, Defendants admit that Ms. Suarez stated to Nurse Keene that she was bipolar but not taking medication and that she had used methamphetamines. Except as admitted, denied.

10. In response to paragraph 13, Defendants admit that Nurse Keene knew that Ms. Suarez had used methamphetamines, that Ms. Suarez had scratched at her eyes, that Ms. Suarez had endorsed some paranoid delusions, that Ms. Suarez had stated that she suffered from bipolar disorder but was not taking medication, and that Ms. Suarez had been hospitalized in the past for suicidal thoughts. Except as admitted, denied.

11. In response to paragraph 14, Defendants admit that Ms. Suarez's medical intake evaluation took place at approximately 4:00 a.m. on May 6, 2019. Except as admitted, denied.

12. In response to paragraph 15, Defendants admit that Nurse Keene evaluated and treated the hematoma involving Ms. Suarez's eye. Additionally, Nurse Keene evaluated whether Ms. Suarez could track visually, and Ms. Suarez denied visual impairment. Except as admitted, denied.

13. In response to paragraph 16, Defendants admit that Ms. Suarez was placed in a safety cell and was not restrained once inside the safety cell. Except as admitted, denied.

14. In response to paragraph 17, Defendants admit that Ms. Suarez used her nails to remove her eye after being placed in the isolated safety cell. Except as admitted, denied.

15. In response to paragraph 18, Defendants admit that Ms. Suarez enucleated her eye. Except as admitted, denied.

///

16. In response to paragraph 19, Defendants admit that Ms. Suarez began trying to remove her second eye. Except as admitted, denied.

17. In response to paragraph 20, denied, in part due to lack of information sufficient to form a belief as to the truth of some allegations.

18. In response to paragraph 21, Defendants admit that jail staff contacted 9-1-1 and that Ms. Suarez was rushed to the hospital. Except as admitted, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

19. In response to paragraphs 22 through 25, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

## Jurisdiction and Venue

20. Paragraphs 26 through 27 consist of statements of law, argument, or legal conclusions, and therefore require no response from Defendants. To the extent any response to the allegations in these paragraphs is required, Defendants deny the allegations.

21. In response to paragraph 28, admitted.

## The Parties

22. In response to paragraph 29, Defendants admit that Ms. Suarez was injured at Las Colinas Jail and that Las Colinas Jail is located in the County of San Diego. In response to the remaining allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every remaining allegation contained therein.

23. In response to paragraph 30, Defendants admit that Nurse Keene worked at Las Colinas Jail on the morning of May 6, 2019 and lives and works in the County of San Diego. Except as admitted, denied.

24. In response to paragraph 31, admitted.

25.     Paragraphs 32 through 34 contain allegations directed against individual "Doe" Defendants.  Accordingly, paragraphs 32 through 34 contain no allegations against Defendants to which a response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraphs 32 through 34.

### First Cause of Action

26.     Paragraph 35 contains no allegations against Defendants to which a response is required.  However, to the extent a response is required, Defendants incorporate by reference their responses to each of the paragraphs referenced in paragraph 35.

27.     Paragraph 36 contains allegations directed against individual "Doe" Defendants.  Accordingly, paragraph 36 contains no allegations against Defendants to which a response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 36.

28.     Insofar as paragraph 37 contains allegations directed against individual "Doe" Defendants, paragraph 37 contains allegations to which Defendants need not respond.  Insofar as these allegations against "Doe" Defendants require a response, Defendants deny such allegations contained in paragraph 37.  Defendants admit that Ms. Suarez told Nurse Keene that she was bipolar and not currently using medication and that Ms. Suarez had been using methamphetamines.  Additionally, Ms. Suarez had endorsed paranoid or delusional thoughts when communicating with Nurse Keene.  Except as admitted, denied.

29.     In response to paragraph 38, Defendants admit that Nurse Keene was told that Ms. Suarez had used methamphetamines, that Ms. Suarez suffered from bipolar disorder, that Ms. Suarez had been hospitalized in the past for suicidal thoughts, that Ms. Suarez had endorsed paranoid or delusional thoughts, and that deputies had trimmed Ms. Suarez's nails after she scratched at her eyes during fingerprinting.  Except as admitted, denied.

///

///

30. In response to paragraph 39, Defendants deny that Detention Policy M.4 in effect on May 6, 2019 contains the language quoted in this paragraph and deny each and every allegation in paragraph 39.

31. In response to paragraph 40, Defendants deny that Detention Policy M.9 in effect on May 6, 2019 contained the language identified in this paragraph and deny each and every allegation contained in paragraph 40.

32. In response to paragraph 41, Defendants admit that Detention Policy MSD.S.10 in effect on May 6, 2019 stated that: "[t]he facility gatekeeper is a qualified mental health provider (QMHP). In the absence of a QMHP, an assigned designee will act as the facility gatekeeper." Except as admitted, denied.

33. In response to paragraph 42, Defendants admit that Detention Policy MSD.S.10 in effect on May 6, 2019 stated that: "The Medical screening nurse should assess and observe arrestee for suicide potential during intake. If indicated, the facility gatekeeper will conduct further assessment to determine indication for inmate safety program (ISP) placement." Except as admitted, denied.

34. In response to paragraph 43, Defendants admit that Ms. Suarez had indicated that she had a history of psychiatric illness and that she had recently used methamphetamines. Except as admitted, denied.

35. In response to paragraph 44, Defendants deny that Detention Policy MSD.S.10 in effect on May 6, 2019 contained the language quoted in this paragraph and deny each and every allegation in paragraph 44.

36. In response to paragraph 45, Defendants admit that Detention Policy MSD.S.10 in effect on May 6, 2019 stated that: "Safety Cell Placement" was "recommended when patient is actively self-harming or actively assaultive." Except as admitted, denied.

37. Paragraph 46 consists of argument, legal conclusions, and anticipated testimony, and therefore requires no response from Defendants. To the extent any response to the allegations in this paragraph is required, Defendants deny the allegations.

38. In response to paragraph 47, Defendants admit that Nurse Keene was told or saw that Ms. Suarez had scratched at her eyes, that Ms. Suarez was bipolar and was not taking medication, and that Ms. Suarez had endorsed psychotic or delusional thoughts. Except as admitted, denied.

39. In response to paragraph 48, denied.

40. Paragraph 49 consists of argument, legal conclusions, and anticipated testimony, and therefore requires no response from Defendants. To the extent any response to the allegations in this paragraph is required, Defendants deny the allegations.

41. In response to paragraphs 50-53, denied.

42. In response to paragraph 54, Defendants admit that Nurse Keene noted that a medical sick call was scheduled "due to use of force." Except as admitted, denied.

43. In response to paragraph 55, denied.

44. In response to paragraph 56, Defendants admit that Nurse Keene evaluated and treated the hematoma involving Ms. Suarez's eye. Additionally, Nurse Keene evaluated whether Ms. Suarez could track visually, and Ms. Suarez denied visual impairment. Except as admitted, denied.

45. Paragraph 57 consists of argument, legal conclusions, and anticipated testimony, and therefore requires no response from Defendants. To the extent any response to the allegations in this paragraph is required, Defendants deny the allegations.

46. Paragraph 58 through 69 contain allegations directed against individual "Doe" Defendants. Accordingly, paragraphs 58 through 69 contain no allegations against Defendants to which a response is required. To the extent a response is required, Defendants deny the allegations contained in paragraphs 58 through 69.

47. In response to paragraphs 70 through 71, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and on that basis deny each and every allegation contained therein.

48. In response to paragraphs 72 through 73, denied.

///

**Second Cause of Action**

49. Paragraph 74 contains no allegations against Defendants to which a response is required. However, to the extent a response is required, Defendants incorporate by reference their responses to each of the paragraphs referenced in paragraph 74.

50. In response to paragraphs 75 through 78 and 80 through 93, the statements in these paragraphs amount to argument and legal conclusions regarding incidents unrelated to the instant case at issue in the operative pleading, including references to news publications, outside reports, and the contents of legal filings in other matters (some of which are currently pending before this and other courts). Accordingly, these allegations do not require any response from Defendants. To the extent any response to the allegations in these paragraphs is required, Defendants deny the allegations.

51. In response to paragraph 79, no cognizable allegation is present in this paragraph. Accordingly, this paragraph does not require any response from Defendants. To the extent any response to this paragraph is required, Defendants deny the paragraph.

52. In response to paragraphs 94 through 98, denied.

53. Paragraphs 99 through 101 consist of statements of law, argument, or legal conclusions, and therefore require no response from Defendants. To the extent any response to the allegations in these paragraphs is required, Defendants deny the allegations.

**Third Cause of Action**

54. Paragraph 102 contains no allegations against Defendants to which a response is required. However, to the extent a response is required, Defendants incorporate by reference their responses to each of the paragraphs referenced in paragraph 102.

55. Paragraph 103 consists of statements of law, argument, or legal conclusions, and therefore require no response from Defendants. To the extent any response to the allegations in this paragraphs is required, Defendants deny the allegations.

///

56. Paragraphs 104 through 106 contain allegations directed against individual "Doe" Defendants. Accordingly, paragraphs 104 through 106 contain no allegations against Defendants to which a response is required. To the extent a response is required, Defendants deny the allegations contained in paragraphs 104 through 106.

57. In response to paragraphs 107 through 108 and 110, denied.

58. In response to paragraph 109, Defendants admit that California Government Code § 845.6 provides, in part, as follows: "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Except as admitted, denied.

### Fourth Cause of Action

59. Paragraphs 111 consists of statements of law, argument, or legal conclusions, and therefore require no response from Defendants. To the extent any response to the allegations in this paragraphs is required, Defendants deny the allegations.

60. Paragraphs 112 through 113 are vague but appear to contain allegations directed against individual "Doe" Defendants. Accordingly, paragraphs 112 through 113 contain no allegations against Defendants to which a response is required. To the extent a response is required, Defendants deny the allegations contained in paragraphs 112 through 113.

61. With regard to paragraphs 114 to 115 and 117, denied.

62. Paragraph 116 is vague but appears to contain allegations directed against individual "Doe" Defendants. Accordingly, paragraph 116 contains no allegations against Defendants to which a response is required. To the extent a response is required, Defendants deny the allegations contained in paragraphs 116.

///

# AFFIRMATIVE DEFENSES

### 1

As a first, separate and distinct affirmative defense, Defendants allege that the complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### 2

As a second, separate and distinct affirmative defense, Defendants are not liable for common-law negligence and are only liable pursuant to statute by operation of section 815 of the Government Code.

### 3

As a third, separate and distinct affirmative defense, Defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were the result of the exercise of the discretion vested in public officers and employees.

### 4

As a fourth, separate and distinct affirmative defense, Defendants allege that Ms. Suarez herself acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that Ms. Suarez did not exercise ordinary care, caution, or prudence for her own safety and protection. These acts of unreasonableness, carelessness, and negligence were the proximate cause of the alleged injuries, losses, and damages, if any. However, if Defendants are found legally responsible to Plaintiff, then Defendants provisionally allege that their acts or omissions were not the sole and proximate cause of Ms. Suarez's injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

### 5

As a fifth, separate and distinct affirmative defense, Defendants allege that they are

not liable by operation of section 820.6 of the Government Code for injury caused by acts, in good faith, under the apparent authority of an enactment that is unconstitutional, invalid, or inapplicable.

6

As a sixth, separate and distinct affirmative defense, Defendants allege that they are not liable for any injury caused by an alleged failure to furnish or obtain medical care for a prisoner, by operation of section 845.6 of the Government Code.

7

As a seventh, separate and distinct affirmative defense, Defendants allege that it is not liable pursuant to Government Code section 855.6 for any alleged failure to make a physical examination or to make an adequate physical or mental examination for the purpose of determining whether an individual has a disease or physical or mental condition.

8

As an eighth, separate and distinct affirmative defense, Defendants allege that they are not liable for any injury caused by or to any prisoner by operation of section 844.6 of the Government Code.

9

As a ninth, separate and distinct affirmative defense, Defendants allege that Nurse Keene is entitled to qualified immunity from liability under title 42, United States Code section 1983.

10

As a tenth, separate and distinct affirmative defense, Defendants allege that they are not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County of San Diego.

11

As an eleventh, separate and distinct affirmative defense, Defendants allege that

the County of San Diego is not subject to vicarious liability.

12

As a twelfth, separate and distinct affirmative defense, Defendants allege that Ms. Suarez failed, refused, and neglected to reasonably mitigate her damages, which bars or diminishes any recovery.

13

As a thirteenth, separate and distinct affirmative defense, Defendants allege that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

14

As a fourteenth, separate and distinct affirmative defense, Defendants allege that they are not liable pursuant to Government Code section 855.8 for the diagnosis and treatment of mental illness.

15

As a fifteenth, separate and distinct affirmative defense, Defendants allege that they are not liable for punitive or exemplary damages, in part due to Government Code section 818 and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

WHEREFORE, Defendants pray as follows:

1. That the action be dismissed with prejudice;
2. That Plaintiff takes nothing by their action;
3. That Defendants recover their costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court deems proper and just.

Respectfully submitted,

DATED: March 2, 2021          Office of County Counsel

By: s/MATTHEW P. O'SULLIVAN, Senior Deputy
Attorneys for Defendants County of San Diego and Shannon Keene
E-mail: matthew.o'sullivan@sdcounty.ca.gov