UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA SUAREZ, individually,<br><br>                                  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; REGISTERED NURSE SHANNON KEENE, individually; AND DOES 1-10, inclusive,<br><br>                                  Defendants. | Case No.: 20-cv-00456-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiff Tanya Suarez. (ECF No. 32).

**I.  BACKGROUND**

    On March 10, 2020, Plaintiff Tanya Suarez initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants County of San Diego ("County"), Shannon Keene, and unnamed DOE deputies. (ECF No. 1). Plaintiff filed an Amended Complaint on September 29, 2020. (ECF No. 14). The Amended Complaint alleges that Plaintiff "is now currently blind . . . . as a result of Defendants' callous and indifferent behavior" while she was in custody at the Las Colinas Jail. *Id.* at ¶ 22-23. Plaintiff brings the following four causes of action: (1) violation of the 14th Amendment

against Defendants Keene and DOE deputies; (2) violation of the 14th Amendment against Defendant County; (3) negligence against all Defendants; and (4) intentional infliction of emotional distress ("IIED") against all Defendants. *Id.* at ¶ 35-117.  On March 2, 2021, Defendants filed an Answer.  (ECF No. 19).

On August 11, 2021, Plaintiff filed a Motion for Leave to File Second Amended Complaint.  (ECF No. 32).  Plaintiff seeks to amend the Amended Complaint to substitute the names of previously unidentified or misidentified Defendants and to update the timeline of the alleged events.  (ECF No. 32 Ex. 1).  On September 2, 2021, Defendants filed a Notice of Non-Opposition to Plaintiff's Motion.  (ECF No. 34).

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

///

## III. DISCUSSION

The proposed amendments to the Amended Complaint substitute the names of previously unidentified or misidentified Defendants and update the timeline of the alleged events. Because the conduct at issue took place within the Las Colinas Jail, Plaintiff could not have reasonably known this information until Defendants responded to Plaintiff's discovery requests between June 2021 and July 2021. Allowing amendment will not cause undue delay because delay is neither likely nor undue. The fact that Plaintiff could not have reasonably known the relevant information prior to discovery demonstrates that Plaintiff is acting in good faith and that Plaintiff's previous amendment could not have cured the deficiencies at issue. The Motion is unopposed. The *Foman* factors weigh in favor of granting Plaintiff leave to amend.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 32) is granted. Plaintiff shall file the proposed second amended complaint attached as Exhibit 1 to the Motion within five (5) days of the date of this Order.

Dated: September 28, 2021

Hon. William Q. Hayes
United States District Court